# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1667

_____

Santos Teresa Sanchez Henrriquez

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 15, 2026
Filed: July 30, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

Santos Teresa Sanchez Henrriquez is a citizen of El Salvador who entered the United States illegally. The Department of Homeland Security charged her as removable, 8 U.S.C. § 1182(a)(6)(A)(i), and she conceded the charge. She applied

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

for asylum, 8 U.S.C. § 1158(a); withholding of removal, 8 U.S.C. § 1231(b)(3); and protection under the Convention Against Torture (CAT), 8 C.F.R. § 1208.16–18. An immigration judge (IJ) denied her application and ordered her removal.

In her notice of appeal to the Board of Immigration Appeals (BIA), Sanchez Henrriquez said that the IJ "erred by denying [her] cases for asylum, withholding, and protection under the [CAT]" and that her asylum case was based on her "fear that gangs would hurt [her] family." After missing the deadline to file a separate brief, her attorney requested an extension. The BIA denied the request and summarily dismissed her appeal because she failed to "meaningfully apprise [it] of [the] specific reasons underlying her challenge to the [IJ's] decision."

With new counsel, Sanchez Henrriquez petitions for review of the BIA's order. Because she did not file a separate brief and her notice of appeal failed to "inform the BIA of which errors the IJ made and why," the BIA did not abuse its discretion when it summarily dismissed her appeal. Soriano v. I.N.S., 45 F.3d 287, 287 (8th Cir. 1995) (per curiam). Sanchez Henrriquez argues the BIA should have equitably tolled the period to file a brief because her former attorney was at fault for the missed deadline. But she never presented this argument to the BIA, and we are unable to review her claim for the first time on a petition for review. See Etchu-Njang v. Gonzales, 403 F.3d 577, 584 (8th Cir. 2005) ("[A]n alien must present a claim of ineffective assistance to the BIA, either on direct administrative appeal or in a motion to reopen, before [she] may obtain judicial review of the claim."); Mahamat v. Gonzales, 430 F.3d 1281, 1283 (10th Cir. 2005) ("The issue of equitable tolling must be exhausted through the BIA in order for this court to reach the issue."); see also Marambo v. Barr, 932 F.3d 650, 654–55 (8th Cir. 2019) ("'[R]egardless of whether [8 U.S.C.] § 1252(d)(1) precludes us from addressing unexhausted issues, a court-imposed exhaustion requirement is appropriate' where the proceedings before the IJ and BIA were adversarial in nature and the petitioner was represented by counsel." (citation omitted)). We deny her petition for review.

_____